## FRANK v. SNOW ET AL.

MORTGAGE — FORECLOSURE OF — JUDGMENT — RES JUDICATA — PRINCIPAL AND SURETY — EVIDENCE.

1. Joint makers of a promissory note, who were also grantors in two real estate mortgages securing the same, the said mortgages respectively covering property in Iowa and Wyoming, appeared and interposed a defense of partial payment in a suit brought in Iowa by an assignee upon the note and the Iowa mortgage. Judgment was rendered for the face of the note and interest, and the mortgage foreclosed by a sale of the Iowa property. Afterwards suit was brought in Wyoming for the balance due upon the judgment and for foreclosure of the Wyoming mortgage. Held, that the amount due upon the note was res judicata, and respecting the alleged partial payment the defendants were concluded by the former judgment.

2. The rule as to the defense of suretyship by one of several joint makers of an instrument under seal is the same as in the case of several joint makers of a promissory note.

3. The suretyship may be shown by parol.

4. It must be shown that the creditor had knowledge of the suretyship.

5. In the case of a note and mortgage executed by a husband and wife as principals, the fact that the husband negotiated the loan and received the money is not sufficient to support a finding that the wife really executed the note and mortgage as surety for her husband.

6. In the case at bar the evidence discussed and held insufficient to show knowledge of suretyship on the part either of the original creditor or assignee.

7. A mortgage covered separate tracts, and after its assignment the original mortgagees, without authority, executed a release of part of the property, acknowledging therein a payment of part of the secured debt, which release was recorded; thereafter and before the assignment was recorded, a third person took a second mortgage upon the property remaining subject to the first mortgage. Held, that the second mortgagee had the right to rely upon the record, and as against her the payment recited in the release must be considered as having been properly made, and the amount secured by the first mortgage reduced to that extent.

8.  The loss being occasioned by the negligence of the assignee in failing to record the assignment, and the second mortgagee being without fault or negligence, the loss must fall upon the assignee.

[Commenced in District Court November 2, 1889.  Decided November 19, 1895.  Re-hearing denied January 15, 1896.]

ERROR to the District Court for the county of Laramie, HON. RICHARD H. SCOTT, Judge.

Action by Hannah Frank against Edgar P. Snow, Elizabeth Snow, and Mary E. Stark for the recovery of a balance due upon a debt secured by mortgage, and a foreclosure of the mortgage.  The mortgage and the promissory note which it secured were executed by Edgar P. Snow and Elizabeth Snow to Alexander H. Swan and Thomas Swan, composing the firm of Swan Brothers.  The note was indorsed and delivered to Hannah Frank, and the mortgage assigned to her.  Mary E. Stark was the holder of a second mortgage covering a portion of the property described in the first mortgage.  The assignment of the latter was not recorded until after the execution and recording of the second mortgage.  The other material facts are stated in the opinion.

*T. F. Burke*, for plaintiff in error.

There is no proof to show the knowledge of either the payees or endorsee of the fact of suretyship; on the contrary there is direct proof that Hannah Frank, the endorsee, had no knowledge thereof.  This is, in itself, a sufficient response to the claim of Elizabeth Snow that she signed the note and executed the mortgage as surety for her husband.  Many authorities hold that after a judgment upon the original contract the relation of principal and surety ceases to exist.  (La Farge v. Herter, 3 Denio, 157; Findlay's Ex'rs v. U. S., 2 McLean, 44; Marshall v. Aiken, 25 Vt., 328; Denuham v. Downer, 31 Vt., 249; Dougherty v. Richardson, 20 Ind., 412; Bay v. Talmadge, 5 Johns Ch., 305.)  Mrs. Snow signed the note

and mortgage apparently as a principal. Whether the doctrine of the above cited cases is sound or otherwise another question follows: the partial release occurred prior to the suit in Iowa. In that suit she did not claim any relief as surety, but sought to obtain credit for the $3,000 claimed to have been paid at the time of the release. The judgment in that case is conclusive as to her right to claim any of the benefits of suretyship, and of all questions and defenses. (Graham v. Culver, 3 Wyo., 647; Ry. Co. v. R. R. Co., 55 Fed., 694; 62 N. H., 655, 10 S. E., 262.) That judgment held Mrs. Snow liable for the full amount of the debt. Being so liable, her mortgage securing that debt is also answerable therefor. The judgment represented the same debt and was still secured by the mortgage. The only change occurring was in the evidence of the debt. (Part v. Robins, 35 Ia., 208; State v. Lake, 17 Ia., 215; Jordan v. Smith, 30 Ia., 500; 2 Jones on Mort., Sec. 936; Torrey v. Cook, 116 Mass., 163; Ely v. Ely, 6 Gray, 439; Priest v. Wheelock, 58 Ill., 114; Darst v. Bates, 51 id., 367; Wayman v. Cochrane, 35 id., 152; Thornton v. Pigg, 24 Mo., 249; Riley v. McCord, 21 id., 285; Gibson v. Green's Adm'r, 89 Va., 524.) Such judgment may be relied on by either party. (Hanna v. Reid, 102 Ill., 596; 2 N. Y., Sup., 135.) So far as the debt is concerned the judgment may be allowed to establish the validity of note and mortgage. (Hosford v. Nichols, 1 Paige, 220; Morris v. Floyd, 5 Barb., 130; Batchelder v. Taylor, 11 N. Y., 129; Morgan v. Sherwood, 53 Ill., 171; Wayman v. Cochrane, 35 id., 154.) No defense interposed to the suit on the note, or which should have been interposed, can be asserted after judgment in a suit to foreclose the mortgage. (Morris v. Floyd, 5 Barb., 130; 21 Pac., 192; 102 Ill., 596; 4 N. Y., Sup., 185.) The question of suretyship could have been pleaded in the former suit. (Wilson v. Coolidge, 42 Mich., 112; Smith v. Dunning, 61 N. Y., 249; McCurdy v. Buchanan, 43 O. St., 78.) Knowledge of the creditor is just as essential as the fact itself of

suretyship to entitle the surety to any of its benefits.   (Orvis v. Newell, 17 Conn., 102; Gahn v. Niemcewicz, 11 Wend., 312; Lauman v. Nichols, 15 Ia., 161; Guild v. Butler, 127 Mass., 386; Harris v. Brooks, 21 Pick., 195; Sprigg v. Bank, etc., 10 id., 257; Edwards on Bills and N., 573.)

At common law, a promissory note was negotiable prior to the enactment of the statute of Anne (3 and 4 Anne). See note to Mandeville v. Riddle, 1 Crouch, 299; 1 Daniels Neg. Instr., Sec. 5; 1 Parsons N. and B., 10–13; Irwin v. Maury, 1 Mo., 194; Dun v. Adams, 1 Ala., 527; Tiedeman on Commercial Paper, Sec. 6.   It has been the custom in Wyoming to transfer notes by indorsement, and for the holder to sue thereon.   This had statutory authority.   (Comp. L., 1876, p. 36, Sec. 23.)   Our supreme court decisions have practically held such instruments negotiable.   (Stamper v. Gay, 3 Wyo., 321; Regan v. Jones, 1 id., 210.)   See also Revised Statutes, Sec. 3437.

If a negotiable note secured by mortgage is transferred for value, before maturity, in good faith, the purchaser takes also the mortgage freed from all equities the same as the note.   (Graham v. Blinn, 3 Wyo., 746; Carpenter v. Longan, 16 Wall., 271; 1 Jones on Mort., Sec. 834–837 and cases cited in notes.)

Plaintiff had the right to pay the taxes to preserve her security although no provision therefor is made in the mortgage.   (2 Jones on Mort., Sec. 1134; Davis v. Bean, 114 Mass., 360; 1 Jones, 358.)

The second mortgagee can not litigate the amount due. She also is bound by the judgment as to that matter. (Wells on stare decisis, 177; Candee v. Lord, 2 Comst., 274.)

*Baird* and *Churchill*, for defendant in error Elizabeth Snow.

The relation of principal and surety continues after judgment against the surety, and the latter is entitled to the same rights both in law and in equity as before judg-

ment. (Brandt on Suretyship and Guar., Sec. 27; Com'l
Bk. v. West. R. Bank, 11 O., 444; Brown v. Ayer, 24
Ga., 288; Com. v. Miller's Adm'rs., 8 S. & R., 452;
Moss v. Pettengill, 3 Minn., 217; Chambers v. Cochrane,
18 Ia., 159; Rice v. Morton, 19 Mo., 263; Bangs v.
Strong, 7 Hill, 250; Newall v. Hammer, 4 How., 684;
Curan v. Colbert, 3 Kelly (Ga.), 239.     Delaplaine v.
Hitchcock, 4 Edw. Ch. 321; Allison v. Thomas, 29 La.
Ann., 732.) To constitute an estoppel by judgment upon
any matter in a subsequent suit, there must be a concur-
rence of four conditions: 1. Identity of subject-matter.
2. Identity of cause of action.   3.   Identity of the par-
ties.   4. Identity of the quality of the persons, for or
against whom the claim is made. (Benz v. Hines, 3
Kan., 397; Slocum v. De Lizardi, 21 La. Ann., 355;
State v. Jumel, 30 id., 861; Freeman on Judg., 253;
Cromwell v. C. of Sac., 94 U. S., 351; Davis v. Brown,
94 id., 423; Russell v. Place, id., 606; Sewall v. Rob-
bins, 139 Mass., 164; Doonan v. Glynn, 28 W. Va.,
715; Stannard v. Hubbel, 123 N. Y., 520; McKinney
v. Curtis, 60 Mich., 611; Cavanagh v. Buehler, 120 Pa.
St., 441; Trimble v. Farris, 78 Ala., 260; Kidd v. Laird,
15 Cal., 161; Nesbitt v. Ind. Dist., etc., 144 U. S., 610;
Skinner v. Franklin Co., 6 C. C. A., 118; Ihmsen v.
Ormsby, 32 Pa. St., 198; Des Moines Bank v. Harding,
86 Ia., 153; Faires v. McLellan, 24 S. W., 365; Linne
v. Stout, 46 N. W., 319; Lathrop v. Cheney, 45 id.,
617: Hoag v. Town etc., 30 N. E., 842; Dulin v.
Prince, 29 Ill., App. 209; Wilson v. Brown, 28 N. Y.,
Supp., 978; Fessenden v. Barrett, 50 Fed., 690; Sloan
v. Price, 10 S. E., 601.)

The issue of suretyship was not litigated in Iowa case.
That suit was upon a mortgage securing the same debt
here in controversy, but given on Iowa lands, and a dif-
ferent mortgage from the one now in controversy.   In
this case the lands are claimed to be a homestead.   It
would not have availed her to set up the defense in Iowa
except as against a personal judgment.   In this suit it

can avail to prevent foreclosure and sale of her lands. The subject-matter and causes of action are different in the two suits.

It should appear that the engagement was made with reference to, and upon the faith and credit of, the estate of Mrs. Snow, she being a married woman. (C. L., 1876, ch. 82; Harris' Cont, M. W., 253; Willard v. Eastman, 81 Mass., 328; Moore v. Mc Mullen, 22 Ind., 78; Young v. Miller, 10 O., 91; Owen v. Cowly, 42 Barb., 105; Hunt v. Rosmanier, 8 Wheat., 174; Rogers v. Ward, 8 Allen, 387; Phillips v. Graves, 20 O. St., 371; Manchester v. Salter, 47 Barb., 155; Worthington v. Young, 6 O., 314; Stewart v. Jenkins, 6 Allen, 300; 23 Miss., 280; 60 Mo., 61; 66 Ky., 584; 9 M's., 516; 22 How. Pr., 240; 13 N. J. Eq., 232; 32 Pa. St., 432; 36 How. Pr., 425; 33 N. Y., 371; 6 Ala., 737; 5 Jones Eq., 175; 16 La. Ann., 309; 21 Barb., 551; 3 Whart., 309; 15 Me., 304; 2 Hill, 477.) A married woman can not charge her separate estate by a contract of suretyship, unless in consideration of a benefit to herself or her estate. (Perkins v. Elliott, 23 N. J. Eq., 526; Athol, etc., v. Fuller, 107 Mass., 437; Huff v. Wright, 39 Ga., 41; Saulsbury v. Weaver, 59 Ga., 254; Williams v. Haygood, 115 Mass., 532; Davidson v. Lenoir, 51 Ala., 321; Wilkinson v. Cheatham, 43 id., 337; 47 id., 612; 48 id., 451; Emroy v. Lord, 26 Mich., 431; 28 id., 464; 22 id., 255; 11 id., 457; 14 id., 97; 15 id., 447.) Notice to an agent even before employment is notice to the principal. (68 Ala., 230; 5 Or., 313; 31 Cal., 161; 49 Mo., 460; 11 Wall., 217; 16 Ark., 543; 4 Biss., 437; 33 Vt., 252; 57 Mo., 214; 11 S. & M., 249; 25 Miss., 591; 3 Hay. Tenn., 147; 3 P. & W., 67; 10 N. Y., 68; 27 Vt., 187; 25 Conn., 444; 12 Cal., 377.) The assignment of a mortgage, securing a negotiable promissory note, does not impart to the mortgage the negotiable character of the note. The plaintiff took the mortgage bound by all subsisting equities between the original parties. (Johnson v. Carpenter, 7 Minn., 176; Hosteller v. Alexander, 22 id.,

.559; Bouligny v. Fartier, 17 La. Ann., 121; Medley v. Elliott, 62 Ill., 532; White v. Sutherland, 64 id., 181; Bryant v. Vix, 83 id., 11; Bailey v. Smith, 14 O. St., 396; Longan & Carpenter, 1 Colo., 205; Briggs v. Langford, 14 N. E., 502; Frink v. Neal, 37 Ill. App., 621; Harrison v. Burlingame, 48 Hun, 212; 17 Atl., 666; 52 N. W., 997; 17 S. E., 463; 22 N. Y. S., 52.) The note in the case at bar was, however, not negotiable. It was given in 1880. Prior to 1888 the statutes were silent as to the negotiability of promissory notes. At common law they were not negotiable. (1 Daniels Neg. In. 5; Clarke v. Martin, 2 Ld. Raymond, 757; 1 Salk, 129, 363; Chitty, Jr., on Bills, 219; Caton v. Lenox, 5 Rand., 31; Davis v. Miller, 14 Gratt., 18; Morton v. Rose, 2 Walsh (Va.), 233; Bank v. Hunt, 25 Mo. App., 170.) It was non-negotiable, also, because it stipulated for attorney fees. (Woods v. North, 84 Pa. St., 410; Johnson v. Speer, 92 id., 227; Bank v. Gay, 63 Mo., 33; Bank v. Bynum, 84 N. C., 24; Samstag v. Conley, 64 Mo., 477; Jones v. Raditz, 27 Minn., 240; Bowice v. Hall, 69 Md., 434; Morgan v. Edwards (Wis.), 14 C. L. J., 33; Bank v Strother, 28 S. C., 504; Bank v. Wheeler, 75 Ill., 546; Adams v. Seaman, 82 Cal., 637; Garretson v. Purdy, 3 Dak., 180; Bank v. Lawson, 60 Wis., 211.) It also contained a waiver of exemptions, which, coupled with the stipulation for attorney fees, destroyed its negotiability (Samstag v. Conley, supra). A wife signing a note as surety for her husband is entitled to all the rights of a surety. (Ward v. Spear, 30 Cal., 660; Willard v. Eastham, 15 Gray, 328; Smith v. Townsend, 25 N. Y., 479; 53 Cal., 456; 66 Ala., 600; 46 N. Y., 170; 60 Barb. 454; 45 Ill., 308; 104 id., 278; 26 Miss., 275; 63 Barb., 53; 24 Pa. St., 18; 78 id., 432; 55 Miss., 96; 13 Ind., 56; 31 id., 111; 53 Ga., 435; 23 Ia., 500; 28 Tex., 368; 41 Ia., 476; 18 Tex., 644; 118 Mass., 108; 58 N. H., 400; 57 Me., 546; 34 N. J. Eq., 10.) The release of part of the mortgaged property, the latter being of greater value than the debt, operated to discharge Mrs.

Snow from her liability as surety. (Brandt, Sec. 373; Polak v. Everett, L. R., 1 Q. B., 669; Ld. Habberton v. Bennett, Beatty 386; Watts v. Shuttleworth, 7 H. & N., 353; Phares v. Barbour, 49 Ill., 370; Everly v. Rice, 20 Pa. St., 297; McMullen v. Hinkle, 39 Miss., 142; Chester v. Bank, 16 N. Y., 336; 4 Vesey, 824; 1 Rob. La., 212; 35 Ia., 208; 23 Mo., 244; Pence v. Gale, 20 Minn., 257.

*Edgar W. Mann*, for defendant in error, Mary E. Stark.

A mortgagee is not bound by judgments or decrees against the mortgagor in suits begun by third parties subsequent to the execution of the mortgage, unless he, or some one authorized to represent him, is made a party. (R. R. Co. v. Missouri, 152 U. S., 301; Campbell v. Hall, 16 N. Y., 575; Mathes v. Cover, 43 Ia., 512; Bryon v. Malloy, 90 N. C., 508; Scates v. King, 110 Ill., 456; Dooley v. Potter, 140 Mass., 49; Coles v. Allen, 64 Ala., 98; Todd v. Flournoy, 56 id., 99; Shay v. McNamara, 54 Cal, 169; Winslow v. Grindell, 2 Greenl. 64). When one of two innocent parties must suffer by the acts of a third, he who enabled such third person to occasion the loss, must sustain it. This rule is applicable in this case. (Burson v. Huntington, 21 Mich., 415). Mary E. Stark, the second mortgagee, may now litigate the question of payment.

CONAWAY, JUSTICE.

On December 3, 1880, defendants in error, Edgar P. Snow and Elizabeth Snow, executed their joint and several promissory notes for $5,000,00, payable to the order of Swan Brothers one year after date, with interest at one per cent. per month from date till paid. To secure payment they at the same time executed a mortgage upon Lots Nos. 7 and 8 in Block No. 231, and Lot No. 4 in Block No. 417, all in the city of Cheyenne, Laramie County, Wyoming. They further secured the payment of

4

the note by a mortgage of the same date upon property in Cass County, Iowa. In these mortgages Alexander H. Swan, Thomas Swan, constituting the firm of Swan Brothers, were the grantees. The mortgage on the Cheyenne property was filed for record the day after its execution, and was duly recorded.

The note is indorsed by "Swan Brothers," and was delivered to plaintiff in error on or about December 22, 1880.

An assignment of the mortgage of the property in Cheyenne by Swan Brothers to plaintiff in error, written upon the back of the mortgage, was made at the time of the delivery of the note to her. This assignment was not acknowledged or filed for record.

Another assignment of the same mortgage was made by Alexander H. Swan and Thomas Swan to plaintiff in error, of date December 30, 1880. This assignment was acknowledged on the 17th day of May, 1888, and filed for record on the 4th day of June, 1888, and was recorded.

On May 22, 1883, Alexander H. Swan and Thomas Swan made to Edgar P. Snow and Elizabeth Snow a release of Lot 4 in Block 417. This release was acknowledged on May 22, 1883, and filed for record on June 6, 1883. This release recites that it was made upon the payment by the said Snow to the said Swans of three thousand dollars of the debt secured by the mortgage. There is no credit of any portion of this amount on the note, and Alexander H. Swan testifies that Swan Brothers did not have possession of the note after its delivery to plaintiff in error, on or about December 22, 1880.

On August 6, 1886, suit was commenced in the district court for Cass County, Iowa, by plaintiff in error against Edgar P. Snow and Elizabeth Snow for the recovery of the amount of the note and for the foreclosure of the mortgage of the Iowa property. To this action Edgar P. Snow and Elizabeth Snow appeared and pleaded payment of three thousand dollars. Such proceedings were had in said action that afterward, on May 1, 1889, plaintiff in

error obtained judgment and decree for the full amount of said note, not allowing the offset of three thousand dollars or any portion of it, and for the foreclosure of the mortgage of the Iowa property. This property was sold and the proceeds applied to the satisfaction, *pro tanto*, of the judgment.

On July 14, 1885, defendants in error, Edgar P. Snow and Elizabeth Snow, made their promissory note of that date, payable to the order of Mary E. Stark, the other defendant in error, due one year from date, with interest at twelve per cent. per annum from date till paid. On the same day Elizabeth Snow, to secure the payment of this note, gave a mortgage to Mary E. Stark of Lots 7 and 8 in Block 231, in Cheyenne, Wyoming. This mortgage was acknowledged the next day and filed for record December 23, 1885. These lots are the property of Elizabeth Snow and claimed by her to be her homestead.

This action was brought by plaintiff in error as plaintiff below, to recover the unpaid balance of the Iowa judgment, and to foreclose the mortgage on the Cheyenne property, and to have Lots 7 and 8, in Block 231, sold and the proceeds applied in payment. This is the relief sought as against Edgar P. Snow and Elizabeth Snow. As against Mary E. Stark, it is sought to make her mortgage lien subordinate to that of plaintiff in error.

Edgar P. Snow, by his separate answer, merely claims that he paid the interest on the note mentioned to Swan Brothers up to May 22, 1883, and on that date paid to them the further sum of three thousand dollars upon said note, and that he did not at that time have any notice or knowledge of any kind that the note and mortgage had been transferred by Swan Brothers to plaintiff in error. He asks only credit for these payments.

Defendant in error, Elizabeth Snow, by her separate answer, claims that she executed the note and mortgage as surety for her husband, defendant in error Edgar P. Snow, which the Swan Brothers well knew, and that the interest on the note was paid up to the 22d of May, 1883,

in payments by Edgar P. Snow to Swan Brothers, who then had possession of the note and mortgage; and that at this time Swan Brothers, for a valuable consideration, paid to them by Edgar P. Snow, agreed to release and afterward did release from the operation of the mortgage Lot 4 in Block 417, in Cheyenne, the value of which was then more than sufficient to pay the entire amount due on the note, without her knowledge or consent; and that neither she nor Edgar P. Snow had any notice or knowledge of the assignment or transfer of the note and mortgage. She asks, generally, for such judgment as by this court shall be deemed meet and proper.

The trial court held that the amount due upon the note was *res judicata*. This is clearly correct. But the trial court admitted the defense of suretyship by Elizabeth Snow as against the mortgage, evidently found that defense established by the evidence, and denied a foreclosure of the mortgage, but gave judgment against Edgar P. Snow and Elizabeth Snow for the uncollected balance of the Iowa judgment.

In the view we take of the case it is unnecessary to decide several legal questions discussed by counsel. The rule as to the defense of suretyship by one of several joint makers of an instrument under seal is the same as in the case of several joint makers of a promissory note. The suretyship may be shown by parol, but in all such cases the creditor must have knowledge of the suretyship. Am. & Eng. Enc. of Law, pages 723 and 724, notes 5 and 1. There is no evidence tending to show such knowledge on the part of Swan Brothers or plaintiff in error, or notice of any kind to either of them, but the contrary. Elizabeth Snow testifies that she never said anything to Swan Brothers about the matter of her suretyship. Hannah Frank testifies that she never had any knowledge or notice of such suretyship, and exhibits a letter of Mrs. E. P. Snow, in which the latter designates the note as "that note of myself and husband." This letter is dated August 18, 1888. Up to this time and for a considerable time

afterward, it does not appear that anything was said by any of the parties about suretyship. Indeed, the first that appears upon this matter is in the separate answer of Elizabeth P. Snow in the case at bar. This defense was not interposed by her in the action in Iowa. And Mrs. Snow does not testify that she signed either note or mortgage as surety. When asked the question directly and in leading form by her counsel whether she signed the note as principal or as surety for her husband, her reply was "I do not understand." In response to further leading questions she says she received no money from Swan Brothers at the time she signed the note, and received no benefit from Swan Brothers at the time she signed the mortgage. On her cross-examination she testifies that her husband got the money. And this is the substance of all the evidence tending to establish the fact of suretyship. It appears to be evasive and unsatisfactory at least. And, as already stated, there is no evidence whatever tending to show any notice of the suretyship of Mrs. Snow to either the grantees or assignees of the mortgage. The evidence shows that there was no such notice.

The rights of Mary E. Stark remain to be considered. She took her mortgage upon Lots 7 and 8, in Block 231, with record notice that the mortgage executed in favor of Swan Brothers upon those lots, and Lot 4 in Block 417 had been released as to Lot 4 in Block 417, and that three thousand dollars had been paid upon the debt of five thousand dollars secured by such mortgage. She had a right to rely upon the record. She is also bound by it. Plaintiff in error, by her negligence, in not getting an assignment of her mortgage properly executed and filed for record until after Mary E. Stark took her mortgage, placed it in the power of Swan Brothers and Edgar P. Snow to perpetrate the fraud which deprived her (plaintiff in error) of her mortgage security upon a valuable property without securing to her any compensation for the loss of this security. The evidence shows, satisfactorily, that

Edgar P. Snow had early notice of the assignment of the note to plaintiff in error, and tends strongly to show that Elizabeth Snow also had early notice of such assignment, and long before the payment of $3,000.00 to Swan Brothers and the release of Lot 4, in Block 417, from the lien of the mortgage. But if plaintiff in error must lose in consequence of her negligence, or Mary E. Stark lose without fault or negligence, then plaintiff in error must bear the loss.

From a careful examination of the record it is apparent that, by an error in computation, the judgment in favor of plaintiff in error is too large by one thousand dollars with interest for several years, but that taxes paid by her since the date of the Iowa judgment are not included in the judgment. The judgment should therefore be reduced one thousand dollars, with the said interest, and to the reduced amount should be added these taxes with interest from the dates of payment. As so modified the money judgment of plaintiff in error will stand affirmed. She is also entitled to the foreclosure of her mortgage and the sale of the mortgaged property in controversy. As against Mary E. Stark three thousand dollars of the the debt of Edgar P. and Elizabeth Snow is to be considered paid as of date May 22, 1883. This will more than satisfy the judgment of plaintiff in error as against Mary E. Stark's mortgage, except as to the portion founded upon the taxes paid. The proceeds of the sale of the mortgaged property in controversy should be applied; first, to the payment of costs; second, to the repayment to plaintiff in error of the taxes paid by her upon the mortgaged property in controversy, with interest; third, to the payment of the debt due to Mary E. Stark, for which she should have judgment; fourth, to the payment of the judgment of plaintiff in error; fifth, any surplus should be paid to Elizabeth Snow.

The cause is remanded, with directions to the trial court to modify its judgment and decree in accordance with this opinion.

Justice Potter, having been of counsel in this cause, did not sit. Judge Hayford, of the second judicial district, was called in by the remaining justices, and sat.

*Decree Modified.*

GROESBECK, C. J., and HAYFORD, DIST. J., concur.

---

ON PETITION FOR REHEARING.

CONAWAY, JUSTICE.

It is urged on behalf of defendants in error that evidence that Edgar P. Snow negotiated the loan for which he and Elizabeth Snow executed their note and mortgage as principals, and that he received the money, is sufficient to support a finding by the trial court that plaintiff in error had notice that Elizabeth Snow really executed the note and mortgage as surety for Edgar P. Snow. Such is not our opinion. Such facts are consistent with suretyship or non-suretyship, and furnish no intimation as to which is the fact, or that the written instruments are different from what they purport to be.

The order made on the former hearing will not be changed.

*Rehearing denied.*

GROESBECK, C. J., concurs.